UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6736 PA (CWx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | Signorelli, Inc. v. Omnipeace, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER   (JS-6)

    Before the Court is a Notice of Removal filed by defendants OmniPeace, Inc., OmniPeace, LLC, Mary Fanaro, Fireball Group LLC, and Shab Azma (collectively "Defendants").  (Docket No. 1.) Defendants assert that subject matter jurisdiction exists based on federal question jurisdiction.  See 28 U.S.C. § 1331.

    This case arises out of a contract between the parties for the development of a charity fashion line.  Plaintiff Signorelli, Inc. ("Plaintiff") is a wholesaler of fashion merchandise.  In 2007, Plaintiff entered into a licensing agreement with Defendants, under which Plaintiff agreed to create a wholesale charity line, using trademarks owned by Defendants.  Defendants, who identified themselves as philanthropical entities, represented that half of any royalties collected from Plaintiff would be directly transferred to a charity known as Millenium Promise.  Plaintiff believes that Defendants wrongfully retained for themselves some of the royalties that were supposed to have been paid to the charity. Plaintiff contends that as the result of Defendants' misrepresentations, it unintentionally misinformed its customers regarding the nature of the charitable contribution that they would be making by purchasing items from the charity line.  Thus, once Defendants' misrepresentations were revealed, Plaintiff allegedly suffered strained relations with its customers and became subject to potential liability and lost sales.  Plaintiff also alleges that Defendants gave certain of Plaintiff's fashion designs to one of Plaintiff's competitors after denying approval of the designs for use in Plaintiff's charity line.  In addition, Plaintiff contends that Defendants pressured Plaintiff's buyers to stop purchasing its products.

    Based on these allegations, Plaintiff filed an action against Defendants in Los Angeles County Superior Court on November 3, 2009.  After the court sustained Defendants' demurrer to that complaint, Plaintiff filed a First Amended Complaint on April 10, 2010.  Defendants then demurred to the First Amended Complaint on April 22, 2010.  The state court sustained the demurrer in part and overruled it in part.  According to the Notice of Removal, Plaintiff served Defendants with a Second Amended Complaint on September 7, 2010.

    As a preliminary matter, the Court finds that the Notice of Removal is deficient insofar as it does not comply with the requirements of 28 U.S.C. § 1446(a).  Section 1446 clearly provides that "defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6736 PA (CWx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | Signorelli, Inc. v. Omnipeace, Inc., et al. | | |

notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Here, Defendants allege that they have been served with a Second Amended Complaint, but have not included a copy of that pleading for the Court's consideration. As such, the Notice of Removal is procedurally defective.

Moreover, even if the Notice of Removal was not procedurally defective, removal still would not be proper because Defendants have failed to meet their burden in establishing that federal question jurisdiction exists here. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

In Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808-09, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988), the Supreme Court articulated a two-pronged test to determine whether a claim "arises under" the Lanham Act. Under the test, federal jurisdiction extends

> only to those cases in which a well-pleaded complaint establishes either that [1] federal [trademark] law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that [federal trademark] law is a necessary element of one of the well-pleaded claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6736 PA (CWx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | Signorelli, Inc. v. Omnipeace, Inc., et al. | | |

It is "[not] necessarily sufficient that a well-pleaded claim alleges a single theory under which resolution of a [federal trademark] law question is essential. . . . [A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless [federal trademark] law is essential to each of those theories." Id. at 810.

Here, Defendants contend that the initial pleadings in this matter did not contain a basis for removal because Plaintiff did not identify any registration number or registering entity for the trademark that Defendants allegedly infringed and diluted. However, Defendants assert that removal is now proper because on August 13, 2010, Plaintiff provided discovery responses indicating that the trademark at issue is a federal mark protected under the Lanham Act.

Defendants have failed to establish that the complaint in this action meets either of the two prongs of the Christianson test. First, Defendants do not contend that federal trademark law creates any of the claims alleged by Plaintiff. Based on the state court documents submitted to the Court, it does not appear that Plaintiff is seeking any remedies specific to a claim under the Lanham Act. Second, Defendants have failed to show that Plaintiff's claims require resolution of a federal trademark question. In the Notice of Removal, Defendants merely state that removal is proper because "the allegedly infringed mark is a federal mark protected under the Lanham Act." (Notice of Removal at ¶ 8.) However, this allegation, in itself, does not establish that Plaintiff's claims somehow require resolution of a federal trademark question. "[T]he Lanham Act does not bring all state claims of unfair competition or trademark infringement within federal question jurisdiction." Johnson v. Tuff-N-Rumble Mgmt., 2002 U.S. Dist. LEXIS 24257 at * 15 (E.D. La. December 13, 2002); see also Applied Nutrition Strategies, LLC v. Phytoceutical Formulations, LLC, 2003 U.S. Dist. LEXIS 11461 at *5-6 (E.D. La. June 20, 2003) (finding removal improper where plaintiff did not clearly state he was seeking relief under Lanham Act and instead chose to assert state law causes of action); Gateway 2000, Inc. v. Cyrix Corp., 942 F. Supp. 985, 992 (E.D. Pa. 1996) ("According to [defendant's] argument, any trademark that is federally registered or used in interstate commerce would defeat a state law claim and require removal to the Federal Court. Indeed, adoption of [defendant's] argument would greatly frustrate the ability of state courts to address acts such as those allegedly committed by [defendant]."); Cue Publishing Co. v. Colgate-Palmolive Co., 233 F. Supp. 443, 444 (S.D.N.Y. 1964) ("The mere allegation of a federal registration does not confer jurisdiction. The right sought to be enforced determines jurisdiction."). Accordingly, Defendants have failed to meet their burden to establish that the Court has federal subject matter jurisdiction over this matter.

For the foregoing reasons, Defendants have failed to meet their burden of showing that federal question jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Superior Court of California, County of Los Angeles, Van Nuys Courthouse, Case No. LC087464. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.